UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
IN RE:                                                                          Chapter 13 Case No. 13-37269
(cgm)

      MARIJA SALOV,

                              Debtor.
------------------------------------------------------------X

## APPLICATION IN SUPPORT OF MOTION BY ORDER TO SHOW CAUSE TO HOLD NATIONSTAR MORTGAGE, LLC IN CONTEMPT OF COURT

      Rick S. Cowle, Esq., an attorney duly admitted to practice law in the state of New York, State of Connecticut, United States Supreme Court, District of Columbia and Federal District Court in the Norther, Eastern and Southern District of New York, on behalf of the debtor Marija Salov respectfully represents:

1. I am the owner of the Law Office of Rick S. Cowle, 95 Gleneida Avenue, Carmel, NY 10512 and the attorney for the above-captioned Debtor Marija Salov.  This application is made in support the within motion to determine whether the lender Nationstar Mortgage, LLC (hereafter referred to as Nationstar) is in contempt of court under 11 U.S.C. §105(a) and Bankruptcy Rule 9020 and what remedies are to be ordered by this Court including but not limited to fines, sanctions, punitive damages, treble damages, costs and continuing the automatic stay for the life of the Chapter 13 Plan.  This application is made in further support of a request for an order that

Nationstar pay the Debtor's additional legal fees to the undersigned, since the Debtor was unnecessarily forced to submit this Motion because Nationstar violated the automatic stay.

## FACTUAL HISTORY

2. The elderly Debtor and her husband succumbed to tough economic times and fell behind on their mortgage payments due to the Debtor's disability and her husband's loss of income.

3. As a result, their home of four years, located at 750 Route 292, Holmes, NY 12531 was sold at foreclosure by Nationstar on June 3, 2013. (See Referees Deed attached hereto as Exhibit A.)

4. On July 15, 2013 the attorneys for Nationstar namely Fein, Such & Crane, LLP served the Debtor and her husband with a Notice to Quit Premises. (See Notice to Quit attached hereto as Exhibit B.)

5. On October 11, 2013, the Debtor filed the above-captioned Chapter 13 Bankruptcy under Case Number 13-37269 and named Nationstar in Schedule F of the petition. (See Schedule F attached hereto as Exhibit C.)

6. On October 13, 2013, the United States Bankruptcy Court sent notice of the Debtor's Chapter 13 Bankruptcy filing and 341 Notice to Nationstar Mortgage LLC c/o Fein Such and Crane LLP, 28 East Main Street, Ste. 1800, Rochester, NY 14614-1936. (See Notice and Certificate of Mailing attached hereto as Exhibit D.)

7. On October 15, 2013 the undersigned office attempted to fax an additional notice to Fein, Such and Crane LLP informing them about the bankruptcy filing once again, but their fax machine was not working. (See Fax Cover Page as Exhibit E, which noted Ch 7 instead of Ch 13 in error.)

2

8. On October 15, 2013, the undersigned office legal assistant then spoke to Joanna Wunderlich of Fein, Such and Crane LLP and advised her that the Debtor had filed bankruptcy and gave her the case number.

9. On October 16, 2013, the undersigned office legal assistant sent a follow up e-mail to Joanna Wunderlich at Fein, Such and Crane LLP with a copy of the fax informing them once again about the Debtor's bankruptcy filing. (See e-mail attached hereto as Exhibit F.)

## NATIONSTAR HAS VIOLATED THE AUTOMATIC STAY

10. However, on or about November 8, 2013 the Debtor brought a packet of legal papers to my office that had been served upon her by Nationstar.

11. To my shock and surprise, Nationstar by the attorneys Fein, Such and Crane had filed a motion for judgment or Writ of Possession (Eviction) in the Dutchess County Supreme Court dated October 17, 2013 and they didn't even bother to mention the above-captioned bankruptcy filing in their state court motion papers! (See Notice of Motion, Affirmation and Proposed Order of Eviction attached hereto as Exhibit G.)

12. I immediately faxed a creditor letter and then called Fein, Such and Crane LLP and informed them that they were in violation of the Automatic Stay of the United States Bankruptcy Court, and they must immediately withdraw their motion. (See Creditor Letter and Proof of Fax attached hereto as Exhibit I.)

13. I was told that they would not withdraw their motion and I was then sent a letter by their attorney claiming that no stay applies to their client for a number of reasons which I deem erroneous and which were backed up with a few cited cases that are

3

not on point. (See response letter dated November 11, 2013 attached hereto as Exhibit H.)

14. Upon filing of her petition, the Debtor was entitled to an automatic stay under 11 USC §362.

15. §362 (a)(1) states in part that a petition filed operates as a stay, applicable to all entities, of "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

16. Nationstar blatantly violated §362 (a)(1) by starting their judicial action in State Court against the Debtor even though they had adequate notice of her Chapter 13 Bankruptcy filing.

17. §362 (a)(3) states in part that a petition filed operates as a stay, applicable to all entities, of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

18. Nationstar blatantly violated §362 (a)(3) by starting an action in State Court against the Debtor to gain possession of the property where the Debtor and her family reside and where all of the Debtor's personal property listed in Schedule B is located even though Nationstar had adequate notice of the Debtor's Chapter 13 Bankruptcy filing.

19. As a result of Nationstar's actions, they are in violation of the automatic stay imposed upon them and must pay damages as per §362 (d)(4) K (1).

4

## NATIONSTAR FAILED TO FILE A LIFT STAY MOTION
## FROM THIS COURT

20. Nationstar did not even make an effort to apply for a Lift Stay from this Court; rather they boldly violated the stay.

21. However, even if Nationstar did apply for a Lift Stay, their motion would fail.

22. The exception regarding Evictions in §362 (b) (22) which states, "subject to subsection (1), under subsection (a)(3), of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor *before the date of filing of the bankruptcy petition, a judgment for possession of such property against the debtor,*" does not help Nationstar since they do not have a judgment of Eviction against the Debtor – that is what they are attempting to obtain from the State Court now.

23. It should be noted that the Debtor was never a tenant of Nationsstar; rather she has possession of the property as a "holdover" from loss of her ownership through foreclosure and has been living in the subject property for four years.

24. In a situation similar to the above-captioned matter there is a case in the Northern District of California in the matter of *In re Maurice* (2010 WL 1780069 (N.D. CA 2010) where a Debtor's house was foreclosed upon and the purchaser at the foreclosure sale attempted to proceed to evict her by posting a notice on the property without applying for a lift stay even though the debtor had filed for Ch 13 Bankruptcy prior to a judgment of eviction being obtained. The court held that the creditor was in violation of §362(a)(3) which prohibits any act to exercise control over property of the estate and that a debtor's possessory interest in residential real property constitutes property of the estate under §541(a)(1).

25. The Second Circuit has held that mere possessory interest in real property without accompanying legal interest is sufficient to trigger the automatic stay. See *In re 48th Street Steakhouse Inc.,* 835 F 2.d 427, 430 (2nd Cir. 1987);

26. Even when a Debtor remains in possession of property under an expired lease, the possession of the real property constitutes property of the Estate. See *In re Convenient Food Mart No 114 Inc*., 968 F 2d. 595 (6th Cir. 1992); *In re Mad Lolo LLC* 2009 Bankr. Lexis 1333 (S.D.N.Y.).

27. In the case of *In re Lane Foods Inc* it was held that Bankruptcy courts have jurisdiction relating to properties where there is constructive possession and the test is not title to the property rather whether the Debtors have possession of the property at the time of filing their petition. *In re Lane Foods Inc*., 213 F. Supp, 133 (S.D.N.Y.) 1963).

28. Even mere possession of a car is considered property of the Estate under §541. See *In re Clifton Steel Corporation* 35 B.R. 732 (1983 N.D) Adversary No. 83-CV-871.

29. The Debtor Marija Salov has been in possession of her home for four years, and her possessory interest and all of her personal property is part of the Bankruptcy Estate under §541 and under §362 (a) (1) and (3) the lift stay applies.

## LEGAL FEE REQUEST

30. As a result of Nationstar's unconscionable actions which ignore the code and order of this court, I was forced to prepare and submit this motion. However, Nationstar should pay these additional fees rather than the Debtor.

6

31. I believe the allowance sought herein for services rendered is fair and reasonable, particularly in view of the complexity of the case and the matters presented herein. My standard time for the relevant period is two hundred seventy five dollars ($275) per hour for attorney time of which this motion including court hearing (estimate one hour) entailed 8 hours of attorney time including drafting and research, and one hundred dollars ($100) per hour for legal assistant time which entails 3.5 hours of legal assistant time (research, filing, copying, review), for a total additional legal fee of $2,550.00.

32. My qualifications to bill as stated are based upon the fact that I, Rick S. Cowle graduated in 1984 with an M.B.A. from Farleigh Dickinson University and subsequently founded Source Properties Inc, which specialized in helping people who were facing foreclosure. I performed hundreds of workouts including short sales, deed in lieu of foreclosures, forbearance agreements, and re-modifications. In 2000, I entered the night law school program at Pace Law School and graduated in June of 2003. After being admitted to practice in New York in December 2003, I started my own general practice law firm, "The Law Office of Rick S. Cowle", which practices primarily bankruptcy law and foreclosure workouts. I am admitted to practice in New York State Courts, New York State Federal District Courts (Southern, Eastern and Northern Districts), Connecticut State, District of Columbia, and The United States Supreme Court. I have taught numerous CLE classes, given many lectures on foreclosure workouts, and I am a certified CLE instructor for Judicial Title Company.

## CONCLUSION

33. The Debtor Marija Salov has medical problems that have rendered her disabled.

34. The Debtor Marija Salov must limit the amount of stress that she undergoes.

35. As a result of Nationstars's actions, the Debtor has suffered undue stress.

7

36. Therefore, the Debtor requests that Nationstar be held in contempt of court.

37. The Debtor has no other adequate remedy at law or in equity.

38. There has been no prior application to this or any other Court for the relief sought herein other than the Debtor's reply to Nationstar's Motion in The Dutchess County Supreme Court with this Order To Show Cause as an attachment..

39. This Motion is brought forth by Order To Show Cause on Short Notice due to the urgency of the pending Eviction Motion against the Debtor which is dated for review on November 26, 2013 in the Dutchess County Supreme Court and as a result, the Debtor along with her family face potential homelessness prior to the holiday season.

WHEREFORE, it is respectfully requested that the motion at bar be granted in its entirety.

/s/Rick S. Cowle, Esq.
Rick S. Cowle, Esq.

*Attorney for the Debtor Marija Salov*
The Law Office of Rick S. Cowle
95 Gleneida Avenue
Carmel, NY 10512
(845) 225-3026
(845) 225-3027 Fax

8