UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
-----------------------------------------------------------X
IN RE:                                                                       Chapter 13

    MARIJA SALOV,                                               Case No. 13-37269 (cgm)


                                   Debtor.
-----------------------------------------------------------X


## APPLICATION IN SUPPORT OF MOTION BY ORDER TO SHOW CAUSE TO HOLD FEDERAL NATIONAL MORTGAGE ASSOCIATION IN CONTEMPT OF COURT

      Rick S. Cowle, Esq., an attorney duly admitted to practice law in the state of New York, State of Connecticut, United States Supreme Court, District of Columbia and Federal District Court in the Norther, Eastern and Southern District of New York, on behalf of the debtor Marija Salov respectfully represents:

1. I am the owner of the Law Office of Rick S. Cowle, 95 Gleneida Avenue, Carmel, NY 10512 and the attorney for the above-captioned Debtor Marija Salov.  This application is made in support of the within motion to determine whether the lender Federal National Mortgage Association – FANNIE MAE (hereafter referred to as FNMA) is in contempt of court under 11 U.S.C. §105(a) and Bankruptcy Rule 9020 and what remedies are to be ordered by this Court including, but not limited to, fines, sanctions, punitive damages, treble damages, costs, and continuing the automatic stay for the life of the Chapter 13 Plan.  This application is made in further support of a

request for an order that FNMA pay the Debtor's additional legal fees and punitive damages, since the Debtor was unnecessarily forced to submit this Motion, the original Motion for Contempt by Order to Show Cause against Nationstar Mortgage LLC, an Affidavit in Reply to Nationstar's Letter in Opposition, a Sur-Reply to Motion in Response to Objection to Imposition of Damages Against Nationstar Mortgage LLC and to prepare for and attend hearings on November 19, 2013, January 15, 2014 and scheduled hearing on March 11, 2014 all due to FNMA's violation of the automatic stay. *See* ECF Doc Nos. 9, 24, 29, 32; Exhibit A (transcript from November 19, 2014 hearing); Exhibit B (transcript from January 15, 2014 hearing).

## FACTUAL HISTORY

2. The elderly Debtor and her husband succumbed to tough economic times and fell behind on their mortgage payments due to the Debtor's disability and her husband's loss of income.

3. As a result, their home of four years, located at 750 Route 292, Holmes, NY 12531 was sold at foreclosure by Nationstar Mortgage LLC to FNMA on June 3, 2013. ECF. Doc. No. 12-3, at 21.

4. The foreclosure was initiated and undertaken in the Dutchess Count Supreme Court on behalf of Nationstar Mortgage LLC by the law firm Fein, Such and Crane who also represent FNMA. *See* Exhibit C (Judgment of Foreclosure & Sale).

5. On July 15, 2013, the attorneys for FNMA, namely Fein, Such & Crane, LLP, served the Debtor and her husband with a Notice to Quit Premises. ECF. Doc. No. 12, at ¶¶ 14-17.

6. On October 11, 2013, the Debtor filed the above-captioned Chapter 13 Bankruptcy under Case Number 13-37269.

7. After being made aware of the above-captioned bankruptcy filing by the undersigned and without applying to this Court for a lift stay, FNMA, by its attorneys Fein, Such and Crane, filed a motion for an Order for Writ of Assistance (the "Eviction Motion") in the Dutchess County Supreme Court dated October 17, 2013. However, Nationstar Mortgage LLC was the named Plaintiff initiating the action against the Debtor in the caption, not FNMA. *See* ECF. Doc No. 9-8; Exhibit D (Eviction Motion).

8. Due to the aforementioned error by Fein, Such and Crane, the undersigned office filed a Motion for Contempt by Order to Show Cause against Nationstar Mortgage LLC for the blatant violation of the Automatic Stay under 11 USC § 362. The Order to Show Cause was signed by this Court on November 13, 2013.

9. On November 19, 2013, this Court held in a hearing on the record that the Automatic Stay was violated by the filing of the Eviction Motion against the Debtor. Due to the violation, actual damages were automatically awarded with the amount to be submitted by the Debtor in a later order. Further, the Court instructed a hearing be held on December 17, 2013 whereby the amount of punitive damages, if any, was to be determined. As set forth above, the Court's holding that § 362 was

violated by Nationstar Mortgage LLC and not by FNMA was directly caused by the labeling error of Fein, Such and Crane whereby Nationstar Mortgage LLC and not FNMA was listed as the Plaintiff in the Eviction Motion. *See* Exhibit A (hearing transcript).

10. Further, pursuant to § 362(k), the Court entered an Order on November 25, 2013, granting Debtor's Motion for Contempt and awarded actual damages in the amount of $2,550.00 for the violation of the Automatic Stay.

11. After the actual damages were Ordered, there was further motion practice between Nationstar Mortgage LLC and the undersigned office, in an attempt to resolve the issue of which party, Nationstar Mortgage LLC or FNMA, had violated the automatic stay by filing the Eviction Motion and the following transpired:

    a. On December 6, 2013, Nationstar Mortgage, LLC filed a Reply Affirmation in objection to the Court Order awarding actual damages against Nationstar Mortgage LLC and in opposition to the Debtor's application for the award of punitive damages against Nationstar Mortgage LLC.  ECF Doc. No. 26.

    b. On December 10, 2013, the undersigned, in response the Reply Affirmation, filed an Affidavit in Reply to Nationstar's Letter in Opposition. ECF Doc. No. 29.

    c. On December 12, 2013, Nationstar filed a Reply Affirmation in Support of its objection and on December 16, 2013, a Sur-Reply to Motion in

       Response to Objection was filed by the undersigned. ECF Doc. No. 30; ECF Doc. No. 32.

12. A hearing was held on January 15, 2014, where it was found by this Court that under New York State Real Estate Law, although Nationstar Mortgage LLC initiated the foreclosure on behalf of FNMA, FNMA ultimately became the title owner of the property after the foreclosure sale. The Court held that the stay was violated as per the Order on November 19, 2014 and it appeared as if FNMA not Nationstar Mortgage LLC was the violating party. *See* Exhibit B (hearing transcript).

13. **It should be noted that since this Court has already ruled that the stay was violated, these proceedings are to determine whether Nationstar or FNMA was the one who violated the stay and what types of damages, in what amount and to whom the violating party must pay.** *See* Exhibit A; Exhibit B (transcripts).

### FNMA HAS VIOLATED THE AUTOMATIC STAY

14. Upon filing of her petition, the Debtor was entitled to an automatic stay under 11 USC § 362.

15. § 362(a)(1) states in part that a petition filed operates as a stay, applicable to all entities, of "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the

13-37269-cgm    Doc 64    Filed 01/31/14    Entered 01/31/14 14:33:21    Main Document
Pg 6 of 12

commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

16. FNMA blatantly violated § 362(a)(1) by starting its judicial action in State Court against the Debtor.

17. § 362(a)(3) states in part that a petition filed operates as a stay, applicable to all entities, of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

18. As a result of FNMA's actions, it is in violation of the automatic stay imposed upon it and must pay damages per § 362(k).

## ACTUAL DAMAGES REQUEST

19. As a result of FNMA's unconscionable actions which ignore the code and Order of this Court, I was forced to prepare and submit this Motion, the original Motion for Contempt by Order to Show Cause against Nationstar Mortgage LLC, an Affidavit in Reply to Nationstar's Letter in Opposition, a Sur-Reply to Motion in Response to Objection to Imposition of Damages Against Nationstar Mortgage LLC and to prepare for and attend hearings on November 19, 2013, January 15, 2014 and the scheduled hearing on March 11, 2014.  *See* ECF Doc Nos. 9, 24, 29, 32; Exhibit A; Exhibit B. However, FNMA should pay these additional fees rather than the Debtor.

20. The undersigned believes the allowance sought herein for services rendered is fair and reasonable, particularly in view of the complexity of the case and the matters presented herein.  My standard time for the relevant period is two hundred seventy

five dollars ($275) per hour for attorney time of which this motion including court hearing (estimate one hour) entailed 12.80 hours of attorney time including drafting and research, and one hundred dollars ($100) per hour for legal assistant time which entailed 15.30 hours of legal assistant time (research, drafting, editing, scanning, copying, filing, and serving), for a total additional legal fee of $5,050.00.

21. My qualifications to bill as stated are based upon the fact that I, Rick S. Cowle graduated in 1984 with an M.B.A. from Farleigh Dickinson University and subsequently founded Source Properties Inc, which specialized in helping people who were facing foreclosure. I performed hundreds of workouts including short sales, deed in lieu of foreclosures, forbearance agreements, and re-modifications. In 2000, I entered the night law school program at Pace Law School and graduated in June of 2003. After being admitted to practice in New York in December 2003, I started my own general practice law firm, "The Law Office of Rick S. Cowle", which practices primarily bankruptcy law and foreclosure workouts. I am admitted to practice in New York State Courts, New York State Federal District Courts (Southern, Eastern and Northern Districts), Connecticut State, District of Columbia, and The United States Supreme Court. I have taught numerous CLE classes, given many lectures on foreclosure workouts, and I am a certified CLE instructor for Judicial Title Company.

## PUNITIVE DAMAGES REQUEST

**(A) Legal Reasoning Awarding Punitive Damages**

22. 11 U.S.C. §362 (a)(1) states in part that a filed petition operates as a stay, applicable to all entities, of "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

23. Further, pursuant to § 362(k), "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, *may recover punitive damages*." *Emphasis added*.

24. According to *In re Crawford*, it is in the discretion of the bankruptcy court to determine whether punitive damages should be awarded. 388 B.R. 506 (Bankr. S.D.N.Y. 2008).

25. The following factors should be considered by the bankruptcy court when determining whether punitive damages should be awarded: "(1) the nature of the defendant's conduct; (2) the defendant's ability to pay; (3) the motives of the defendant; and (4) any provocation by the debtor." *In re Diviney*, 225 B.R. 762, 777 (B.A.P. 10th Cir. 1998).

26. Further, after a finding that a party has willfully violated the automatic stay under § 362(a), "[a]n additional finding of malicious or bad faith on the part of the offending creditor warrants the further imposition of punitive damages." *In re Crysen/Montenay Energy Co.*, 902 F.2d 1098, 1105 (2d Cir. 1990).

-8-

27. In *In re GGSI Liquidation Inc.*, the bankruptcy court awarded punitive damages due to the violation of the automatic stay "because of [the Creditors'] callous indifference to bankruptcy law, and because the award [ ] serve[s] to deter parties in other cases who are tempted to play the same game." 355 B.R. 691, 703 (Bankr. N.D. Ill. 2006).

28. Additionally, in *In re Mitchell*, the bankruptcy court found that "punitive damages should only be awarded with respect to conduct which is tantamount to 'thumbing one's nose at' the law, the debtor and the court." 2009 Bankr. LEXIS 195 (Bankr. S.D. Ind. February 6, 2009).

29. In this case, based on the factors laid forth above from *In re Diviney*, punitive damages should be awarded. 225 B.R. at 777.

30. Based on the first factor, punitive damages are appropriate because FNMA's conduct constitutes an intentional and deliberate violation of the automatic stay. FNMA blatantly violated § 362(a)(1) by starting its judicial action in state court against the Debtor after the Debtor's petition had been filed.

31. Rather than following the appropriate procedures of Bankruptcy Court, FNMA showed "callous indifference to bankruptcy law," s*ee In re GGSI Liquidation Inc.*, 355 B.R. at 703, by filing its motion for judgment or Writ of Possession (Eviction) in the Dutchess County Supreme Court. Not only did FNMA's attorneys file the motion in state court after receiving notice of the Debtor's bankruptcy petition, but they did not even mention the above-captioned bankruptcy filing in their state court motion papers.

32. Further, even after Debtor's attorney faxed a letter to, emailed and telephoned Fein, Such and Crane LLP, informing them that FNMA was in violation of the Automatic Stay of the United States Bankruptcy Court and requesting that they immediately withdraw their state court motion, Fein, Such and Crane LLP continued to maintain that the Automatic Stay did not apply to this matter. ECF Doc No. 9-9.

33. FNMA's attorneys continued to "'thumb [their] nose at' the law, the debtor and the court", *In re Mitchell*, 2009 Bankr. LEXIS 105, when David P. Case, Esq. of Fein, Such and Crane, LLP asserted in his response letter to Debtor's attorney dated November 11, 2013, that Debtor's attorney was "not the first to try this gambit on a post-foreclosure eviction that [he had] handled." ECF Doc No. 9-9, at ¶ 4. The "gambit" to which the letter is referring is assumed by Debtor's attorney to mean the Federal Bankruptcy Automatic Stay procedures referenced in the Debtor's attorney's letter dated November 8, 2013. ECF Doc No. 9-10.

34. As for the second factor, FNMA is a large financial institution that has the ability to pay punitive damages.

35. The third factor set forth above further suggests that punitive damages should be awarded in this case. FNMA's motive, as exhibited by FNMA's motion to evict or Writ of Possession (Eviction) in Dutchess County Supreme Court, was to obtain a state court order evicting Debtor even after she had filed bankruptcy. By not including the above-captioned bankruptcy filing in the state court motion papers, it appears as if FNMA's intention was to ignore the Automatic Stay.

36. Finally, while elderly, infirmed Debtor contacted Fein, Such and Crane, LLP prior to retaining her own Counsel her simple phone calls do not rise to the level of provocation. While Fein, Such and Crane, LLP asserted that Debtor made "veiled threats" regarding her daughter-in-law, the miscommunication was cleared up the following day on October 2, 2013, when Debtor's daughter-in-law called Fein, Such and Crane, LLP and advised them that she was not representing Debtor and that they were currently in search of counsel. *See* ECF Doc. No.12, ¶¶ 18-21.

37. Based on the foregoing, the award of punitive damages against FNMA is necessary to deter such conduct of "'thumb[ing] [their] nose at' the law, the debtor and the court" in the future. *In re Mitchell* 2009 Bankr. LEXIS 105.

**(B)  Legal Reasoning Determining Amount of Punitive Damages**

38. "To determine the appropriate amount of punitive damages, the Court must consider the nature of the Respondent's conduct, the ability to pay, and the amount of actual damages awarded. The amount of punitive damages should be sufficient to deter the Respondents, and similarly situated parties in the future, from unilaterally determining the scope and effect of the automatic stay." *In re Gagliardi,* 290 B.R. at 822.

39. Further, "[p]unitive damages are proper as a deterrent to those entities who willfully violate the automatic stay provisions, even if actual damages are minimal." *In re Lile*, 103 B.R. 830, 841 (Bankr. S.D. Tex. 1989).

40. Here, as set forth above, FNMA decided to go to state court for relief, rather than following the procedures of the Federal Bankruptcy Courts. By commencing and continuing the state court action even after notice of both the Debtor's bankruptcy petition, and that FNMA was violating the Automatic Stay, FNMA's conduct was both willful and in bad faith.

41. It is requested that the Court award punitive damages accordingly.

## CONCLUSION

42. As a result of FNMA's actions, it is in violation of the automatic stay imposed upon it and must pay damages as per § 362(k).

43. Further, due to FNMA's intentional and deliberate violation of the Automatic Stay, punitive damages are necessary to deter such conduct in the future.

44. The Debtor has no other adequate remedy at law or in equity.

WHEREFORE, it is respectfully requested that the motion at bar be granted in its entirety.

/s/Rick S. Cowle, Esq.
Rick S. Cowle, Esq.

*Attorney for the Debtor Marija Salov*
The Law Office of Rick S. Cowle
95 Gleneida Avenue
Carmel, NY 10512
(845) 225-3026
(845) 225-3027 Fax