UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
------------------------------------------------------------X
IN RE:

                                                                                                Chapter 13
                                                                                                Case No. 13-37269 (cgm)

     MARIJA SALOV,

                                       Debtor.
------------------------------------------------------------X

# REPLY AFFIRMATION TO OBJECTION TO AND AFFIDAVIT IN OPPOSITION OF ORDER TO SHOW CAUSE AGAINST FEDERAL NATIONAL MORTGAGE ASSOCIATION

    Rick S. Cowle, Esq., an attorney duly admitted to practice law in the state of New York, State of Connecticut, United States Supreme Court, District of Columbia and Federal District Court in the Northern, Eastern and Southern District of New York, on behalf of the Debtor, Marija Salov, respectfully represents:

1. I am the owner of the Law Office of Rick S. Cowle, 95 Gleneida Avenue, Carmel, NY 10512 and the attorney for the above-captioned Debtor, Marija Salov.  This is a reply affirmation in response to the Objection To And Affidavit In Opposition Of Order To Show Cause Against Federal National Mortgage Association (hereinafter FNMA). *See* ECF Doc. No. 68.

## FACTUAL HISTORY

2. The elderly Debtor and her husband succumbed to tough economic times and fell behind on their mortgage payments due to the Debtor's disability and her husband's loss of income.

3. As a result, their home of four years, located at 750 Route 292, Holmes, NY 12531 was sold at foreclosure by Nationstar Mortgage LLC ("Nationstar") to FNMA on June 3, 2013. ECF Doc. No. 12-3, at 21.

4. **The foreclosure was initiated and undertaken in the Dutchess Count Supreme Court on behalf of Nationstar by the law firm Fein, Such & Crane, LLP ("Fein Such") who also represents FNMA**. ECF Doc. No. 64-3 (Judgment of Foreclosure & Sale).

5. On July 15, 2013, the attorneys for FNMA, namely Fein Such, served the Debtor and her husband with a Notice to Quit Premises. ECF Doc. No. 12, at ¶¶ 14-17.

6. On October 11, 2013, the Debtor filed the above-captioned Chapter 13 Bankruptcy under Case Number 13-37269.

7. On October 13, 2013, the United States Bankruptcy Court sent notice of the Debtor's Chapter 13 Bankruptcy filing and 341 Notice to FNMA's counsel Fein Such and Crane LLP, 28 East Main Street, Ste. 1800, Rochester, NY 14614-1936.

8. On October 15, 2013, the undersigned office attempted to fax an additional notice to Fein Such informing them about the bankruptcy filing once again, but their fax machine was not working.

9. Also on October 15, 2013, the undersigned office legal assistant then spoke to Joanna Wunderlich of Fein Such and advised her that the Debtor had filed bankruptcy and gave her the case number.

10. On October 16, 2013, the undersigned office legal assistant sent a follow up e-mail to Joanna Wunderlich at Fein Such with a copy of the fax informing them once again about the Debtor's bankruptcy filing.

11. After being made aware of the above-captioned bankruptcy filing by the undersigned and without applying to this Court for a lift stay, FNMA, by its attorneys Fein Such, filed a motion for an Order for Writ of Assistance (the "Eviction Motion") in the Dutchess County Supreme Court dated October 17, 2013 against the Debtor. However, Fein Such listed Nationstar Mortgage LLC as the named Plaintiff in the caption, not FNMA. *See* ECF Doc No. 64-4 (Eviction Motion).

12. The inaccurate caption in the Eviction Motion was Fein Such's error due to its use of "form" pleadings. The term "Plaintiff(s)" was solely defined in the Eviction Motion as Nationstar three separate times in the captions of the moving papers. *See* ECF Doc No. 9-8 at 3. Further, David P. Case, Esq. of Fein Such represented that the firm Fein Such was the Attorneys for the Plaintiff on the Notice of Motion. *Id*. at 1.

13. Additionally, the Wherefore Clause of the Affirmation of the Eviction Motion, requests "…Sheriff or Constable of Dutchess County to put the said **Plaintiff** into possession of the mortgaged premises." *See* ECF Doc No. 9-8 at 5.

14. In addition, while submitting the Eviction Motion, it appears as if FNMA intentionally misled the Dutchess County Supreme County by failing to even mention the Debtor's bankruptcy filing in its pleadings. It seems that if FNMA truly believed that the lift stay did not apply it would have mentioned the bankruptcy filing in its papers. Further, it appears

that FNMA knew if it mentioned the bankruptcy in its Eviction Motion, the court would most likely not have moved forward with the eviction proceeding.

15. On November 8, 2013, the undersigned attorney faxed a creditor letter to and called Fein Such to inform them that they were in violation of the Automatic Stay of the United States Bankruptcy Court, and further requested that they immediately withdraw their motion to which they refused to comply. *See* Creditor Letter and Proof of Fax attached hereto as **Exhibit A**.

16. Due to the aforementioned labeling error in the caption on the Eviction Motion by Fein Such, the undersigned office filed a Motion for Contempt by Order to Show Cause against Nationstar Mortgage LLC and not FNMA for the blatant violation of the Automatic Stay under 11 USC § 362. This Court signed the Order to Show Cause on November 13, 2013.

17. On November 19, 2013, this Court held in a hearing on the record that the filing of the Eviction Motion against the Debtor violated the Automatic Stay. Due to the violation, actual damages were automatically awarded with the amount to be submitted by the Debtor in a later order. *See* **Exhibit B** (November 19, 2013 hearing transcript).

18. Further, the Court instructed a hearing be held on December 17, 2013 whereby the amount of punitive damages, if any, was to be determined. As set forth above, the Court's holding that § 362 was violated by Nationstar and not by FNMA was directly caused by the labeling error of Fein Such whereby Nationstar and not FNMA was listed as the Plaintiff in the Eviction Motion. *See* **Exhibit B.**

19. Further, pursuant to § 362(k), the Court entered an Order on November 25, 2013, granting Debtor's Motion for Contempt and awarded actual damages in the amount of $2,550.00 for the violation of the Automatic Stay.

20. After the actual damages were ordered, there was further motion practice between Nationstar and the undersigned office, in an attempt to resolve the issue of which party, Nationstar or FNMA, had violated the automatic stay by filing the Eviction Motion and the following transpired:

   a. On December 6, 2013, Nationstar filed a Reply Affirmation in objection to the Court Order awarding actual damages against Nationstar and in opposition to the Debtor's application for the award of punitive damages against Nationstar. ECF Doc. No. 26.

   b. On December 10, 2013, the undersigned, in response the Reply Affirmation, filed an Affidavit in Reply to Nationstar's Letter in Opposition. ECF Doc. No. 29.

   c. On December 12, 2013, Nationstar filed a Reply Affirmation in Support of its objection and on December 16, 2013, a Sur-Reply to Motion in Response to Objection was filed by the undersigned. ECF Doc. No. 30; ECF Doc. No. 32.

21. A hearing was held on January 15, 2014, where it was found that the stay was violated as per the Order on November 19, 2014 and it appeared as if FNMA not Nationstar was the violating party. *See* **Exhibit C** (January 15, 2014 hearing transcript).

22. **It should be noted that since this Court has already ruled that the stay was violated, these proceedings are to determine whether Nationstar or FNMA was the party who**

**violated the stay and what types of damages, in what amount and to whom the violating party must pay.** *See* **Exhibit B; Exhibit C** (transcripts).

## REPLY TO FNMA'S OBJECTION TO THE ORDER TO SHOW CAUSE

23. FNMA received adequate notice of the bankruptcy filing prior to filing the Eviction Motion. Fein Such possessed explicit authority to accept service on behalf of FNMA as it directed in the Eviction Motion that "answering or opposing affidavits must be served upon the undersigned…" The undersigned was listed as Fein, Such & Crane, LLP, by David Case, Esq..

24. Fein Such received notice of the Debtor's filing of her bankruptcy petition on several occasion, including:

    a. on October 13, 2013 when the United States Bankruptcy Court sent notice of the Debtor's Chapter 13 Bankruptcy filing and 341 Notice;

    b. on October 15, 2013, when the undersigned office legal assistant then spoke to Joanna Wunderlich of Fein Such and advised her that the Debtor had filed bankruptcy and gave her the case number;

    c. on October 16, 2013, when the undersigned office legal assistant sent a follow up e-mail to Joanna Wunderlich at Fein Such with a copy of the fax informing them once again about the Debtor's bankruptcy filing; and

    d. on November 8, 2013 when the undersigned faxed a creditor letter and subsequently called Fein Such to inform it that FNMA was in violation of the Automatic Stay of the United States Bankruptcy Court, and that it must immediately withdraw its motion.

25. Further, Lori Gilmore-Morris appeared on behalf of FNMA at the initial November 19, 2013 hearing where it was held that the automatic stay had been violated.

## **FNMA HAS VIOLATED THE AUTOMATIC STAY**

26. Upon filing of her petition, the Debtor was entitled to an automatic stay under 11 U.S.C. § 362.

27. § 362(a)(1) states in part that a petition filed operates as a stay, applicable to all entities, of "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

28. § 362(a)(3) states in part that a petition filed operates as a stay, applicable to all entities, of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

29. The description of the overriding purpose of § 362 is drawn directly from the section's legislative history:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

H.R. Rep. No. 95-595, at 340-41 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6296-97; see *United States v. Colasuonno*, 697 F.3d 164, 172 (2d Cir. 2012).

30. In the case of *In re Lane Foods Inc.*, it was held that Bankruptcy courts have jurisdiction relating to properties where there is constructive possession and the test is not title to the property rather whether the Debtors have possession of the property at the time of filing their petition. *In re Lane Foods Inc.*, 213 F. Supp. 133 (S.D.N.Y. 1963).

31. Even when a Debtor remains in possession of property under an expired lease, the possession of the real property constitutes property of the Estate. See *In re Convenient Food Mart No 114 Inc.*, 968 F 2d. 595 (6th Cir. 1992); *In re Mad Lolo LLC* 2009 Bankr. Lexis 1333 (S.D.N.Y.).

32. In a situation similar to the above-captioned matter, *In re Maurice* (2010 WL 1780069 (N.D. CA 2010) a Debtor's house was foreclosed upon and the purchaser at the foreclosure sale attempted to proceed to evict her by posting a notice on the property without applying for a lift stay even though the debtor had filed for Ch. 13 Bankruptcy prior to a judgment of eviction being obtained.  The Court held that the creditor was in violation of § 362(a)(3) which prohibits any act to exercise control over property of the estate and that a debtor's possessory interest in residential real property constitutes property of the estate under § 541(a)(1).

33. Additionally, in the ten circuits that have ruled on whether a possessory interest in property is protected by the automatic stay all have ruled that it does. *See I.C.C. v. Holmes Transportation, Inc.*, 931 F.2d 984 (1st Cir. 1991) ; *In re Atlantic Business and Community Corp.*, 901 F.2d 325 (3rd Cir. 1990) ; *In re Connecticut Pizza, Inc.*, 193 B.R. 217 (Bankr.D.Md. 1996); *Boydstun v. Reed*, 218 B.R. 840 (N.D.Miss. 1998); *In re Convenient Food Mart No. 144, Inc.*, 968 F.2d 592 (6th Cir. 1992); *In re Wright*, 183 B.R. 541

(Bankr.C.D.Ill. 1995) ; *In re Lankford*, 305 B.R. 297 (Bankr.N.D.Iowa 2004); *In re Larry's Apartment, L.L.C.*, 249 F.3d 832 (9th Cir. 2001); *In re Gagliardi*, 290 B.R. 808 (Bankr.D.Colo.2003); *In re Addon Corp.*, 231 B.R. 385 (Bankr. N.D.Ga. 1999).

34. The Debtor Marija Salov has been in possession of her home for four years, and her possessory interest and all of her personal property is part of the Bankruptcy Estate under § 541 and under § 362 (a)(1) and (3) the lift stay applies.

35. As found by Judge Morris in the November 19, 2013 hearing, "…it's well settled that a Debtor's mere possessory interest in premises, even absent any legal interest, is protected by the automatic stay." **Exhibit B**; *see In re 48th Street Steakhouse*, 835 F.2d 427, 430 (2d Cir. 1987); *In re Eclair Bakery Ltd.*, 255 B.R. 121 (Bankr. S.D.N.Y. 2000).

36. It was further found that, "[the Debtor] was sued, period, end of story. She was named in the complaint….Any proceeding against the Debtor…violates the automatic stay. Here the Debtor is named in the eviction proceeding scheduled to take place on November the 22nd in State Court and as such the stay has been violated." **Exhibit B** at 6.

37. Additionally Judge Morris affirmed, "…there can be no more obvious violation of the automatic stay then the fact that the eviction proceeding was against the Debtor." Exhibit B at 6-7.

38. Notwithstanding the foregoing, FNMA, in its Objection, continued to argue that the Debtor did not have possessory interest in the property, which applies to § 362(a)(2) and (3). The Debtor, as set forth above, did have possessory interest in the property, however, even if

the Court finds otherwise, FNMA still sued the Debtor, thus violating § 362(a)(1), as found by Judge Morris.

39. As a result of FNMA's actions, it is in violation of the automatic stay imposed upon it and must pay damages per § 362(k).

## **FNMA FAILED TO FILE A LIFT STAY MOTION FROM THIS COURT**

40. FNMA did not even make an effort to apply for a Lift Stay from this Court; rather they boldly violated the stay.

41. "A motion for Stay Relief is not a mere formality that maybe ignored in a party's discretion. Only a bankruptcy court has jurisdiction to terminate, annul or modify the automatic stay." *In re Dominguez*, 312 BR 499 (Bankr. S.D.N.Y. 2004); *see In re Siskin*, 258 B.R. 554, 561-62 (Bankr. E.D.N.Y. 2001); *accord*, *Carr v. McGriff*, 8 A.D.3d 420, 2004 WL 1341842 (App. Div.2d Dep't 2004) (holding that the order issued by the New York Supreme Court post-petition, including default judgment of foreclosure and sale, were in violation of the automatic stay and therefore void).

42. "[A Creditor] is required to move for stay relief if it wishes to enforce its rights against debtor protected by the United States Code and the federal bankruptcy law and it cannot bypass this Court's jurisdiction merely because in their opinion cause exists to lift the stay." *In re Dominguez*, 312 BR 499 (Bankr. S.D.N.Y. 2004).

43. "It is not the debtor's responsibility to take action that ensure that she receive the protection of the automatic stay; rather the creditor bears the burden of seeking relief from the automatic stay …." *In re Braught*, at 401 (Bankr. S.D.N.Y. 2004).

44. Here, the Debtor was forced to incur a substantial amount of additional legal fees to merely preserve her rights under the Bankruptcy Code.

### ACTUAL DAMAGES REQUEST

45. As found by Judge Morris at the January 15, 2014 hearing, "Just so you know, I have no discretion in this matter. The actual damages must be awarded. I have already said the violation has been violated." **Exhibit C.**

46. Further, this Court allowed in its Order Awarding Actual Damages entered on November 25, 2013, fourteen days to have "notice and an opportunity to object to the *amount of fees awarded*." ECF Doc. No. 20, ¶ 7 (*emphasis added*).   If the Order was "conditional," if at all, it was conditional as the amount of fees awarded and not to whether 11 U.S.C. § 362(a) was violated or as to whether the Debtor was entitled to legal fees for such violation.

47. As a result of FNMA's unconscionable actions which ignored the code and Order of this Court, the undersigned was forced to prepare and submit this Motion, the Motion for Contempt by Order to Show Cause against FNMA, the original Motion for Contempt by Order to Show Cause against Nationstar Mortgage LLC, an Affidavit in Reply to Nationstar's Letter in Opposition, a Sur-Reply to Motion in Response to Objection to Imposition of Damages Against Nationstar Mortgage LLC and to prepare for and attend hearings on November 19, 2013, January 15, 2014 and the scheduled hearing on March 11,

2014. *See* ECF Doc Nos. 9, 24, 29, 32; Exhibit B; Exhibit C. However, FNMA should pay these additional fees rather than the Debtor.

48. The undersigned believes the allowance sought herein for services rendered is fair and reasonable, particularly in view of the complexity of the case and the matters presented herein. My standard time for the relevant period is two hundred seventy five dollars ($275) per hour for attorney time of which this motion including court hearing (estimate one hour) entailed 13.30 hours of attorney time including drafting and research, and one hundred dollars ($100) per hour for legal assistant time which entailed 18.80 hours of legal assistant time (research, drafting, editing, scanning, copying, filing, and serving), for a total additional legal fee of $5,567.50. Attorney Hours are attached hereto and made apart hereof as **Exhibit E.**

49. FNMA's attempt to charge the Debtor for free use of the premises is another violation of the automatic stay and would also violate the discharge of the prepetition fees. Further, in regards to the postpetition occupancy, FNMA should actually pay the Debtor for maintaining, and heating the property, removing snow and for security.

50. Further, any confusion as to whom was the moving party in the Eviction Motion, Nationstar or FNMA, which led to the initial Order to Show Cause filed by the undersigned was the fault of FNMA through its counsel Fein Such. As such, the naming error led to months of motions and hearings that forced the Debtor to incur additional unnecessary legal fees.

51. To further require the Debtor to be damaged for the mistakes of Fein Such would be inequitable and unfair. The Debtor justifiably relied upon the state court caption naming

Nationstar as the Plaintiff when it made its motion for the Order to Show Cause and its subsequent motions in this Court and in state court. Therefore, the legal fees should be paid by the erring party and not the Debtor.

## FNMA'S VIOLATION OF § 362 WAS WILLFUL

52. "[I]f a party charged with violating the stay knows that the stay is in effect, any deliberate act taken in violation of the stay justifies an award of damages." *Ford Motor Credit Co. v. Florio (In re Florio)*, 229 B.R. 606, 608 (S.D.N.Y.1999).

53. "Damages for willful violation of the automatic stay will lie if 'a person takes a deliberate act … in violation of a stay, which the violator knows to be in existence… [s]uch an act need not be performed with specific intent to violate the stay. Rather, so long as the violator possessed general intent in taking actions which have the effect of violating the automatic stay the intent required by § 362(h) is satisfied.'" *In re Dominguez*, 312 BR 499 (Bankr. S.D.N.Y. 2004) *quoting Sucre v. MIC Leasing Corp. (In re Sucre)*, 226 B.R. 340, 349 (Bankr. S.D.N.Y.1998).

54. Here, despite the numerous notices given to Fein Such that the Debtor had filed bankruptcy, Fein Such on behalf of FNMA filed the Eviction Notice.

55. Further, even after Debtor's attorney faxed a letter to, emailed and telephoned Fein, Such and Crane LLP, informing them that they were in violation of the Automatic Stay of the United States Bankruptcy Court and requesting that they immediately withdraw their state court motion, they continued to maintain that the Automatic Stay did not apply to this matter.

56. As set forth above, FNMA unilaterally decided to go to state court for relief, rather than following the procedures of the Federal Bankruptcy Courts. By commencing and continuing the state court action even after notice of both the Debtor's bankruptcy petition, and that FNMA was violating of the Automatic Stay, FNMA's conduct was both willful and in bad faith.

57. FNMA's attorneys continued to "'thumb [their] nose at' the law, the debtor and the court", *In re Mitchell* 2009 Bankr. LEXIS 105, when David P. Case, Esq. of Fein Such asserted in his response letter to Debtor's attorney dated November 11, 2013, that Debtor's attorney was "not the first to try this gambit on a post-foreclosure eviction that [he had] handled." **Exhibit D**, at ¶ 4. The "gambit" to which the letter is referring is assumed by Debtor's attorney to mean the Federal Bankruptcy Automatic Stay procedures referenced in the Debtor's attorney's letter dated November 8, 2013. *See* **Exhibit A.**

58. Further, as found by Judge Morris at the January 15, 2014 hearing, "If they violated a stay, you're leaving it up to me to see if they're not some punitive here because of the fact that they simply ignored this Court." **Exhibit C.**

## CONCLUSION

59. As a result of FNMA's actions, it is in violation of the automatic stay imposed upon it by § 362 and must pay damages as per § 362(k).

60. Further, due to FNMA's willful, intentional and deliberate violation of the Automatic Stay, punitive damages are necessary to deter such conduct in the future.

61. The Debtor has no other adequate remedy at law or in equity.

**WHEREFORE**, it is respectfully requested that the Motion for Contempt by Order to Show Cause against FNMA be granted in its entirety.

Dated: March 10, 2014

/s/Rick S. Cowle, Esq.
Rick S. Cowle, Esq.
*Attorney for the Debtor Marija Salov*
The Law Office of Rick S. Cowle
95 Gleneida Avenue
Carmel, NY 10512
(845) 225-3026
(845) 225-3027 Fax